**Joseph Raymond MOLINA, Plaintiff,**

v.

**The PEOPLE of PUERTO RICO, Defendant.**

**Civil No. 12–1559 (GAG).**

United States District Court, D. Puerto Rico.

Aug. 16, 2012.

Ricardo Izurieta–Ortega, Olmedo–Rebollo & Olmedo, San Juan, PR, for Petitioner.

***ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS IMPOSED UPON ATTORNEY RICARDO IZURIETA***

GUSTAVO A. GELPÍ, District Judge.

Ricardo Izurieta ("Izurieta"), counsel for Joseph Raymond Molina ("Molina") in the present case, moves this court to reconsider its August 13, 2012 Order, 884 F.Supp.2d 1, 2012 WL 3289717 (D.P.R. 2012) (Docket No. 18) sanctioning him for his arguments contained in his Response

---

to Show Cause Order (Docket No. 16). In arguing that his client exhausted all remedies in state court (which permits a federal habeas), Izurieta asserts there was no state corrective measure available to his client. He supports this by asserting that the Justices of the Puerto Rico Supreme Court are politically biased against his client, who was convicted of assaulting a former Governor of the island, Carlos Romero Barcelo. (*See* Docket No. 16 at 7.) Throughout his Response to Show Cause, Izurieta asserts numerous conflicts of interest and accusations of bias against the Justices appointed by the current administration in power, controlled by elected officers from the same political party as Governor Romero Barcelo. For making these accusations against the state judiciary, without alleging factual support, the undersigned imposed sanctions against Izurieta in the amount of $2000.00. (*See* Docket No. 19.)

Izurieta, in his motion for reconsideration, apologizes to the court for any offense taken by the undersigned and claims to not have made the accusations out of any disrespect to any of the Justices. (*See* Docket No. 22 at ¶ 6.) Had Izurieta made this apology and retracted his accusations, the court most likely would have reduced or perhaps even vacated the sanction. The court notes Izurieta's decades of work in the local federal and state courts and also notes he has never been sanctioned or censured by the undersigned, nor any other court. While the court does not question the sincerity of his apology, Izurieta reaffirms the arguments made in his Response to Show Cause Order and seemingly doubles-down on his belief that he held an ethical duty on behalf of his client to make these accusations. (*See* Docket No. 22 at ¶¶ 7–9.) Essentially, by re-affirming

his accusations, Izurieta continues to claim the Justices of the Puerto Rico Supreme Court put their political beliefs above the oath they took to uphold the Constitution and Laws of the United States and of Puerto Rico.

Entertaining Izurieta's arguments for the moment, Izurieta could have, and should have, sought recusal of any Justice during the *certiorari* process. *See* P.R. Laws Ann. tit. 32, App. XXI–A R.4(e) (2011). The rule allows a party to seek recusal of a particular justice due to a conflict of interest or bias. *See id.* Izurieta never sought recusal of any Justice as the Rule allows. Instead of arguing in the present case that the Puerto Rico Supreme Court incorrectly denied *certiorari,* Izurieta states that Chief Justice Federico Hernandez Denton, appointed prior to the current administration, abstained, thus, leaving the court with a majority of justices appointed during this administration. (*See* Docket No. 16 at ¶ 12.) Given this majority, *certiorari* was denied. (*See id.*) The explicit meaning of this statement is that the Justices were motivated by political means and, thus, acted in violation of their sworn oath to uphold the Constitution and Laws of the United States and of Puerto Rico.

Allegations of bias, especially political bias by the Justices of the highest constitutional tribunal of Puerto Rico, is a serious matter. While the court realizes factual circumstances may exist that call into question a particular justice's ability to be unbiased in particular circumstances, an attorney must not bandy about such claims without sufficient factual allegations to support a claim of bias. When invoking a claim of bias, an attorney must be prepared to allege factual allegations, that if proven true, would lead to such a finding.[1]

---

1. Izurieta points to three exhibits to support his allegations (Docket Nos. 16–1, 16–2 & 16–3). The first is an untranslated letter to Chief

Justice Hernandez Denton by an attorney complaining of the result of Molina's conviction, which in his opinion, constituted a trav-

**546**

The standard stated by the United States Supreme Court in *Ashcroft v. Iqbal*[2] is well known to those who practice in federal court, and under these circumstances, Izurieta has not alleged sufficient facts to support a claim of bias by the Justices.

If the federal court were to permit such claims of bias to strip a plaintiff of exhausting all his state court remedies, any party in a federal habeas action could invoke political bias as a means to literally "remove" the case directly to a federal forum and avoid exhaustion of state proceedings. Likewise, in the *Younger v. Harris*[3] context, similar arguments would result in the federal court enjoining state proceedings simply because of mere allegations of political bias premised on which governor appointed the state judge or justice. *Cf. Olson v. Fajardo Velez*, 419 F.Supp.2d 32, 45 (D.P.R.2006) (rejecting request for enjoining state criminal prosecution).

Izurieta seeks to distinguish the present case from *In re Zeno* because in *Zeno* the attorney was arguing on his own behalf, while Izurieta is arguing on behalf of his client. 504 F.3d 64 (1st Cir.2007). It is true that an attorney has the obligation to advocate on behalf of his client. However, that advocacy cannot lead counsel to make unfounded accusations. *Zeno* stands for ability of a district court to sanction an attorney for crossing the line between advancing a legitimate legal argument and

insulting the judiciary with unfounded attacks. In this case, the court finds the unwarranted attacks on the Justices of the Puerto Rico Supreme Court to be unfounded and insulting, therefore the sanction remains.

**SO ORDERED.**

---

esty of justice. (*See* Docket No. 16–1.) The second is an untranslated letter by former Governor Anibal Acevedo Vila denying clemency for Molina. (*See* Docket No. 16–2.) The third is a sworn statement by Juan Antonio Rodriguez Vila. (*See* Docket No. 16–3.) These documents are presented to the court as a means to support a claim of bias against the Justices of the Puerto Rico Supreme Court. The court orders Izurieta to submit translations of Docket Nos. 16–1 and 16–2 by August 31, 2012. If not, the court will order one of its certified interpreters to do so, and will order counsel to pay these costs. Notwith-

standing, the letters in no way, contrary to Izurieta's assertion, evidence political bias by the Justices. The court notes the letters are dated October 16, 2008 and December 31, 2008, prior to the present governor being sworn in and prior to the appointment of and swearing in of the Justices Izurieta complains of in his motions.

**2.** 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**3.** 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).